**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| XUEJIE HE, *et al.*,<br>    *Plaintiffs*,<br><br>    v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br>    *Defendants*. | Civil Action No. 20-8545<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on *pro se* Plaintiffs Xuejie He's ("He") and Heyangjing Shi's ("Shi") "Motion for Joinder of Claims with Complaint for a Civil Cases Amended," D.E. 12, D.E. 12-1, along with a "Complaint for a Civil Case Amended," D.E. 12-2 ("SAC").[1]  For the reasons discussed below, the Court **DISMISSES** Plaintiffs' SAC pursuant to 28 U.S.C. § 1915(e)(2)(B).

When allowing a plaintiff to proceed *in forma pauperis*, a court must review the complaint and dismiss the action if it determines that the action (i) is frivolous or malicious, (ii) fails to state

---

[1] The Court previously dismissed Plaintiffs' First Amended Complaint, D.E. 6 ("FAC"), in its second Opinion in this matter, D.E. 7 ("Second Prior Opinion" or "2d Prior Op."), and afforded Plaintiffs an additional opportunity to amend their FAC. 2d Prior Op. at 3-9.  The Court instructed Plaintiffs to file a second amended complaint within 30 days of the Second Prior Opinion.  2d Prior Op. at 9.  Plaintiffs failed to comply, and the Court issued a Notice of Call for Dismissal Pursuant to L. Civ. R. 41.1, returnable March 8, 2021.  D.E. 11.  Plaintiffs failed to respond by the return date.  However, on March 17, 2021, Plaintiff filed a "Motion for Joinder of Claims with Complaint for a Civil Cases Amended," D.E. 12, D.E. 12-1, along with a "Complaint for a Civil Case Amended," D.E. 12-2 ("SAC"), a "Motion for [*sic*] Revoke Notice of Call for Dismissal," D.E. 12-3, and exhibits, D.E. 12-4, and D.E. 12-5.  Although Plaintiffs' filing was late, the Court will review Plaintiffs' SAC for plausibility.

a claim upon which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune.  28 U.S.C. § 1915(e)(2)(B).  When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6).  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotations and citations omitted).  As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789.  In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (internal quotations omitted).

Moreover, because Plaintiffs are proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'"  *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

**I.      BACKGROUND**

Because the factual allegations in Plaintiffs' SAC do not materially differ from those in the previous two complaints, the Court incorporates the extensive factual background provided in its Prior Opinion, D.E. 2 ("Prior Opinion" or "Prior Op.") and Second Prior Opinion, D.E. 7, here. Previously, the Court dismissed the Plaintiffs' initial Complaint, D.E. 1, for lack of subject-matter jurisdiction. Prior Op. at 5-7. The Court found both federal and diversity jurisdiction lacking but permitted Plaintiffs an opportunity to amend the Complaint to cure the deficiencies identified in the Prior Opinion. *Id*. at 7. Plaintiff filed a First Amended Complaint, D.E. 6 ("FAC"), which the Court dismissed for similar reasons in its Second Prior Opinion, D.E. 7.

**II.     ANALYSIS**

As an initial matter, "[a] federal court is bound to consider its own jurisdiction preliminary to consideration of the merits." *Kaplan v. Garrison*, No. 15-1915, 2015 WL 2159827, at *2 (D.N.J. May 6, 2015) (quoting *Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Phila.*, 657 F.2d 29, 36 (3d Cir. 1981)); *Doughtery, Clifford & Wadsworth Corp. v. Magna Grp. Inc.*, No. 07-1068, 2007 WL 2300719, at *1 (D.N.J. Aug. 6, 2007) (explaining that a "[c]ourt has the ability and obligation to address concerns of subject matter jurisdiction *sua sponte*"). If subject matter jurisdiction is lacking, the Court must dismiss the action. Fed. R. Civ. P. 12(h)(3). Since Plaintiffs are proceeding *pro se*, the Court construes their pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v*, 404 U.S. at 520. "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

"In order to establish a basis for subject matter jurisdiction in federal court, a plaintiff's claims must establish either federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332." *Gencarelli v. New Jersey Dep't of Labor & Workforce Dev.*, No. 15-3405, 2015 WL 5455867, at *1 (D.N.J. Sept. 16, 2015) (citing *Hines v. Irvington Counseling Ctr.*, 933 F. Supp. 382, 387 (D.N.J. 1996)). The burden is on the plaintiff to prove that the Court has jurisdiction. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000), *holding modified by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003).

Plaintiffs again fail to set forth facts to support either diversity jurisdiction or federal question jurisdiction. To establish diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "the party asserting jurisdiction must show that there is complete diversity of citizenship among the parties" as well as an amount in controversy exceeding the statutory threshold. *Schneller ex rel Schneller v. Crozer Chester Med. Ctr.*, 387 Fed. App'x 289, 292 (3d Cir. 2010). Here, again, both Plaintiffs appear to be domiciled in New York, SAC at 1-2,[2] and the SAC still includes many Defendants who are citizens of New York, SAC at 2-17. Because the parties here are not completely diverse, jurisdiction under 28 U.S.C. 1332(a)(2)[3] is improper.

To establish federal question jurisdiction, a plaintiff must allege a "civil action[] arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Aside from the addition of four new factual allegations, SAC at 42, ¶¶ 186-89, the remaining allegations of the

---

[2] Page numbers in the SAC are assigned based on the number generated by the Court's electronic filing system.

[3] Plaintiffs again seek to establish diversity jurisdiction by alleging "[t]his case was between two states of New Jersey and New York, [t]he Supreme Court of the United States has original jurisdiction over this action[.]" SAC at 19, ¶ II.B(2); *compare* FAC at 18, ¶ II.B(2). As this Court previously determined, this "allegation does not satisfy the requirements of diversity jurisdiction as this case does not involve a controversy 'between two or more States[.]'" 2d Prior Op at 4, n. 1.

SAC are identical to those in the FAC.[4]  The new factual allegations – concerning Defendant Cho's smearing of "poo" and Plaintiff He's contraction of COVID-19 at the hands of Defendants – do no alter this Court's conclusions as to Plaintiffs' previously stated federal claims.  Accordingly, Plaintiffs' claims under (1) the Equal Protection Clause; (2) the "Racial Discrimination Act of 1975"; (3) the Attorney General Standards for Providing Services to Victims of Sexual Assault; (4) 42 U.S.C. 1395dd(b)(1)(d)(2); and (5) 42 U.S.C. § 1866(a)(1)(N) are dismissed for the same reasons as those identical claims were dismissed in the Court's Second Prior Opinion.  *See* 2d Prior Op. at 5-8.

The only relevant addition to the SAC is Plaintiffs' citation to 42 U.S.C. § 2000a(a)(b)(4), a subsection of Title II of the Civil Rights Act of 1964 ("Title II").  42 U.S.C. § 2000a(a) provides:

> All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

42 U.S.C. § 2000a(a).  42 U.S.C. § 2000a(b) provides:

> Each of the following establishments which serves the public is a place of public accommodation within the meaning of this subchapter if its operations affect commerce, or if discrimination or segregation by it is supported by State action:
> (1) any inn, hotel, motel, or other establishment which provides lodging to transient guests, other than an establishment located within a building which contains not more than five rooms for rent or hire and which is actually occupied by the proprietor of such establishment as his residence;
> (2) any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including, but not limited

---

[4] Plaintiff also added a few words in two paragraphs under the heading "Federal Question," *see* SAC at 18, ¶¶ II.A.(1), (3), and added a new paragraph discussing the procedural history of other cases Plaintiffs filed, *id*. at 20.  To the extent relevant, the new allegations are discussed herein.

5

>to, any such facility located on the premises of any retail establishment; or any gasoline station;
>(3) any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment; and
>(4) any establishment (A)(i) which is physically located within the premises of any establishment otherwise covered by this subsection, or (ii) within the premises of which is physically located any such covered establishment, and (B) which holds itself out as serving patrons of such covered establishment.

42 U.S.C. § 2000a(b)(1)-(4). 42 U.S.C. § 2000a-3 permits a person aggrieved by a violation of Title II to file a private right of action. 42 U.S.C. § 2000a-3. To state a Title II claim, a plaintiff must allege that they were denied full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation *because of* their color, race, religion or national origin. *Moncion v. City of New York NYPD*, No. 20-CV-8974 (LTS), 2021 WL 2227240, at *3 (S.D.N.Y. June 1, 2021) (emphasis added).

Here, Plaintiffs fail to allege with clarity which of the named defendants discriminated against them on the basis of their color, race, religion, or national origin. For that reason, the Court finds the SAC is insufficiently pled. Moreover, even assuming Plaintiffs properly identified a defendant for their Title II claim, the SAC is still deficient. Construing the SAC liberally, the only factual allegation that could potentially fit within this cause of action is the claim that Plaintiff He was granted a seven-day contract with New York City Rescue Mission ("NYC-RM") that was subsequently canceled. SAC ¶ 45-49. The SAC does not describe the nature of the contract nor the alleged reasons for the cancelation. NYC-RM is described in the SAC as a "Corporation Independent, Rescue Mission" located at "90 Lafayette St, New York, New York." *Id.* at 6. This cause of action fails for multiple reasons. First, Plaintiffs do not allege any facts that indicate NYC-RM discriminated against either one of them *because of* their color, race, religion, or national

6

origin. Second, it is unclear whether NYC-RM qualifies as a "place of public accommodation." 42 U.S.C. § 2000a(a). In addition, damages are not available under this statute. *Roy v. U-Haul*, No. CIV. 14-2846 NLH/JS, 2015 WL 375664, at *3 (D.N.J. Jan. 28, 2015)("[W]hen a plaintiff brings an action under Title II, he cannot recover damages." (*Newman v. Piggie Park Enters., Inc.*, 300 U.S. 400, 402 (1968)).[5] Plaintiffs do not seek any relief besides monetary damages. Plaintiff's claim under Title II fails.

### III. CONCLUSION

In sum, the Court dismisses Plaintiffs' SAC in its entirety. This was Plaintiff's third opportunity to plead a satisfactory complaint. After two opinions providing Plaintiffs detailed notice of the deficiencies in their pleadings, Plaintiffs have still failed to plead a plausible cause of action. In addition, the factual allegations underling the SAC are nearly identical to those alleged in the previous complaints. And Plaintiffs continue to assert causes of action that the Court previously found implausible as a matter of law.[6] As a result, the Court concludes that Plaintiffs have not filed an adequate pleading because they are unable to do so. Thus, any future amendment would be futile.

For the foregoing reasons, and for good cause shown,

---

[5] The only relief pled in the SAC that could be construed as injunctive is Plaintiff's prayer for the Court to permit Plaintiffs to "gain legal status in the United States." SAC at 42. However, the Court cannot grant such relief.

[6] For example, the SAC, again, attempts to assert a cause of action under the "Racial Discrimination Act of 1975." This Court has twice informed Plaintiff that this appears to be an Australian statute which cannot confer federal question jurisdiction. *See* D.E. 2 at 6, n. 4 ("The Racial Discrimination Act of 1975 cited by Plaintiffs appears to be an Australian anti-discrimination statute and thus may not confer federal question jurisdiction."); *See* 2d Prior Op at 5 ("For the same reasons as stated in the Court's Prior Opinion, the Court finds that Plaintiffs have not alleged . . . a claim under the 'Racial Discrimination Act of 1975,' which . . . appears to be an Australian statute."). Yet Plaintiff continues to assert this cause of action.

**IT IS** on the 2nd day of August, 2021,

**ORDERED** that Plaintiffs' SAC, D.E. 12-2, is **DISMISSED**; and it is further

**ORDERED** that the Clerk of the Court is directed to **CLOSE** this matter; and it is further

**ORDERED** that Plaintiffs are **NOT GRATNED LEAVE** to file an additional amended pleading; and it is further

**ORDERED** that the Clerk shall serve this Order and Opinion upon Plaintiffs by regular and certified mail.

John Michael Vazquez, U.S.D.J.